274

FRANK KUHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 73265.　Promulgated April 7, 1936.

*Louis C. Wurzer, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Although the petitioner states his familiarity with the rule of *Eckert* v. *Burnet*, 283 U. S. 138, and other cases,[1] that a taxpayer on the cash basis may not deduct, either as a sustained loss or a debt ascertained to be worthless, the amount of a note made by him as primary obligor in substitution for a note given by another upon which the taxpayer had theretofore been a secondary obligor, until he pays on the note, he urges that this rule is inapplicable where the new note given by the taxpayer is collaterally secured by his pledge of property. His argument treats the pledge as if it were a loss of the property. This clearly is not correct. Title to the property continues in the pledgor, and by paying the debt he may retake possession. During the pledge the property is so clearly his that it would be within his gross estate upon his death, *City Bank Farmers Trust Co.* v. *Bowers*, 68 Fed. (2d) 909, 913; certiorari denied, 292 U. S. 644; *Fredrick Rodiek, Ancillary Executor*, 33 B. T. A. 1020, 1044. Thus the loss is no more realized in this case because the taxpayer has deposited collateral than in the *Eckert* case, where collateral was not mentioned.

As to the second note, upon which petitioner was endorser, it can be said here, as it was in the *Eckert* case, that the petitioner "merely exchanged his note under which he was primarily obligated for [Mercier's] note under which he was secondarily obligated, without any outlay of cash or property having a cash value." As to the first note, upon which petitioner was not an endorser but only furnished the collateral, he might have permitted the pledgee to realize upon Mercier's obligation by liquidating the pledge. Thus he might have sustained a loss. Instead, however, he elected to save himself from the immediate realization of loss by giving his successive promissory notes. In both cases, being on the cash basis, he sustained no loss in

[1] *S. R. Davis*, 9 B. T. A. 755 (reversed on mandate, C. C. A., 7th Cir., without opinion) ; *Morris Sass*, 12 B. T. A. 156; 17 B. T. A. 261; *Edmond A. Hughes*, 27 B. T. A. 1022.

1930 beyond the cash payments which he made and which he has been allowed to deduct.

The petitioner relies upon *A. W. D. Weis*, 13 B. T. A. 1284, but that case stands for an entirely different principle, namely, that a taxpayer whose investment is lost in the taxable year is not to be deprived of the deduction therefor merely because the lost investment was derived from borrowed capital. The distinction between that case and *Eckert* v. *Burnet, supra*, appears in *Burns Manufacturing Co.* v. *Commissioner*, 59 Fed. (2d) 504, in which it is also said that the *Weis* case must be regarded, in so far as it considers the cash basis, as overruled by the *Eckert* case.[2] Cf. *Crain* v. *Commissioner*, 75 Fed. (2d) 962; *Menihan* v. *Commissioner*, 79 Fed. (2d) 304. Petitioner cites *John C. Hermann*, 27 B. T. A. 409, but that case supports the deduction of interest which was paid with the proceeds of a new note for a principal amount large enough to include both the interest and principal of an earlier note. This is consistent with the Commissioner's allowance in the present case of the interest and part payments actually made.

The Commissioner correctly disallowed the deduction in 1930 of the amount in excess of the actual payments.

*Judgment will be entered under Rule 50.*

---

[2] See Law of Federal Income Taxes, Paul and Mertens, vol. 3, § 26.58.